UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHERINE LIU,                    )
                                  )
        Plaintiff,                )
                                  )  Case No. 10 C 6544
    v.                            )
                                  )  Judge George M. Marovich
COUNTY OF COOK, et. al.,          )
                                  )
        Defendants.               )

## MEMORANDUM OPINION AND ORDER

Defendants have objected to a discovery order issued by Magistrate Judge Mason. In the order, Judge Mason granted plaintiff's motion to allow the late disclosure of two witnesses. For the reasons set forth below, the Court overrules defendants' objections.

### I. Background

Seven days before the deadline for filing dispositive motions, plaintiff Katherine Liu ("Liu") filed a motion for leave to disclose two additional witnesses. Specifically, Liu requested permission to disclose Darrell A. Campbell, Jr., M.D. ("Dr. Campbell") as a rebuttal expert witness and Dr. Vivian J. Renta ("Dr. Renta") as a rebuttal fact witness.

Judge Mason allowed the disclosure. In his order, Judge Mason noted that a trial date had not yet been set and that "any minimally resulting prejudice can be cured by plaintiff providing the proper disclosures and allowing defendants the opportunity to depose the witnesses should they so choose." (Judge Mason's October 8, 2013 Order at 2). When Judge Mason allowed the disclosure, he also set a deadline of November 13, 2013 for the completion of the depositions of Drs. Campbell and Renta.

Defendants filed timely objections to Judge Mason's October 8, 2013 Order. In addition, defendants filed a motion to stay discovery so that it could wait until this Court rules on this motion before taking the depositions of Drs. Campbell and Renta. The Court granted the motion for stay.

## II. Standard of review

When a party timely objects to a pretrial, non-dispositive ruling by a magistrate judge, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). "These standards do not necessarily restrict district court review of a magistrate's findings." *United States v. Frans*, 697 F.2d 188, 191 n. 3 (7th Cir. 1983). A district court is allowed to conduct "a full review." *Id.*

## III. Discussion

The parties agree that plaintiff's disclosure of Drs. Campbell and Renta was made after the deadline for disclosing those witnesses. This late disclosure is subject to Rule 37(c)(1), such that plaintiff "is not allowed to use th[ese] . . . witness[es] to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." Fed.R.Civ.P. 37(c)(1) (emphasis added); *see also Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1231 (7th Cir. 1996). Courts have "broad discretion" in determining whether a late disclosure is harmless, and, in considering the matter, a court should consider such factors as: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Magistrate Judge Mason applied the proper standard and considered the factors set out in *David* in determining that the late disclosure was harmless. Judge Mason noted that he expected little prejudice, because the witnesses were offered for a limited purpose. In addition, Judge Mason determined that the minimal prejudice could be cured by allowing defendants time to depose the two newly-disclosed witnesses. Although this Court might have reached a different conclusion if it were considering this issue in the first instance, that is not the standard of review. This Court cannot say that Judge Mason's decision was clearly erroneous or that his discretion was exercised in a manner that was contrary to law. Accordingly, the Court overrules defendants' objection.

The Court understands that the parties are in the middle of briefing defendants' motion for summary judgment. Plaintiff has said that the disclosure of these witnesses will not, from plaintiff's perspective, affect the summary judgment schedule, and the Court takes her at her word. If defendants find that their ability to file their reply brief on time is affected by the disclosure of these two witnesses, they may file a motion for extension of time.

Finally, the Court lifts the previously-granted stay of discovery and grants defendants until December 4, 2013 to depose Drs. Campbell and Renta, should they so choose.

**IV.     Conclusion**

For the reasons set forth above, the Court overrules defendants' objection [233] to Judge Mason's October 8, 2013 order and lifts the stay of discovery. The Court grants defendants until December 4, 2013 to depose Drs. Campbell and Renta.

ENTER:

George M. Marovich
United States District Judge

DATED: November 6, 2013